**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

JAMES A. HENSON, JR.                              *

Plaintiff                                                *

v                                                           *                    Civil Action No. RDB-14-2058

RICHARD J. GRAHAM, JR., et al.,              *

Defendants                                             *
                                                          ***

## <u>MEMORANDUM OPINION</u>

Pending are Defendants Warden Richard J. Graham, Jr., Assistant Warden Denise Gelsinger, Security Chief Michael P. Thomas, Psychologist Ronald S. Weber, and Lt. William F. Gordon's Motion to Dismiss, or in the Alternative Motion for Summary Judgment and Plaintiff's responses thereto.   ECF Nos. 19 & 21.[1]   Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2014).

### Background

Plaintiff seeks assignment to protective custody and a federal investigation of his claims. He alleges, generally, that Defendants have interfered with his liberties, violated his rights under the First, Eighth and Fourteenth Amendments to the U.S. Constitution and engaged in misconduct, racial bias, and use of excessive force.  ECF No. 1, p. 3.

Plaintiff also claims that Defendants will not install video cameras in certain "high risk" areas where he alleges assaults upon African American inmates occur. He alleges that guards are racists and senior staff and medical employees are permitted to mace, beat, maim, torture, and murder African American prisoners. *Id.*

---

[1] Plaintiff's Complaint and Response are difficult to decipher.  To the extent Plaintiff raises any new issues in his response, those issues are not properly before the Court and will not be considered.

Plaintiff specifies that Defendant Gelsinger deliberately hid racist staff "from the limelight" to conceal the "2005-2014 'skillfully planned, racially motivated pattern of abuse, to mislead and divert the court form the real issues, in this case and to manipulate public-opinion from the media.'" *Id*.  As to Defendant Weber, Plaintiff maintains that Weber will not intervene where it concerns African American victims of malicious abuse by custody from 2005-2014. *Id*. Plaintiff makes no specific factual allegations as to any of the other named Defendants. *Id*.

In general, as in numerous other Complaints filed by Plaintiff, he claims that Defendants continually place him in harm's way and refuse to develop an adequate policy to address risks to his health, safety and welfare. *Id*.[2]

---

[2] Plaintiff previously filed suit regarding the assault as well as allegations concerning Defendants Wilson, Merling, Lark and Weber assigning him to a cell with Jenkins an alleged "professed racists."  *See Henson v. Likin*, Civil Action No. RWT-11-2719 (D. Md.).  Defendants were granted summary judgment in that case.

Plaintiff previously filed suit against Defendants CO II Jesse Lambert, CO II Nicholas Soltas, CO II Steven Miller, CO II Randolph Bennett, CO II Christopher Ortt, CO II Joshua Tart, and CO II Shawn Murray, alleging they assigned him to cells with gang members and advised gang members on the unit that Plaintiff was a rapist. He reiterated his claim regarding the assault by Jenkins and sought protective custody and  a federal investigation. *See Henson v. Lambert*,  Civil Action No. RWT-12-3271. Defendants were granted summary judgment in that case.

Plaintiff's previously filed suit against Defendants Lt. Dale Smith, Case Worker Gainer, Caseworker Sindy, Lt. Miller, Sgt. Iser, Sgt. Guilliam, Sgt. Tyndale, again alleging overall failure to protect and lack of a policy to address risks to Plaintiff's health and safety and an overarching conspiracy, was likewise dismissed.  *See Henson v. Smith*, Civil Action No. RWT-13-2266 (D. Md.).

Other complaints raising bald conspiracy claims were recently dismissed *sua sponte*  by the Court. *See Henson v. Wilt, et al.*, Civil Action No. RDB-14-3724 (D.Md.); *Henson v. Friend et al.,* Civil Action No. RDB-14-3825 (D.Md.), and *Henson v. Miller et al.*, Civil Action No. RDB-15-28 (D.Md.).

Where there has been a final judgment on the merits in a prior suit; an identity of the cause of action in both the earlier and the later suit; and an identity of parties or their privies in the two suits, *res judicata* is established.  *See Pension Ben. Guar. Corp. v. Beverley*, 404 F. 3d 243, 248 (4th Cir. 2005).   The doctrine of *res judicata* precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action. *See Meekins v. United Transp. Union*, 946 F. 2d 1054, 1057 (4th Cir. 1991).  In addition, "'[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'"  *Id.*, quoting *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F. 2d 355, 359 (4th Cir. 1989).

Defendants acknowledge that Plaintiff has filed numerous complaints alleging that he is at risk of assassination by a conspiracy of racist correctional officers and gang members.  His claims have been investigated and found unsubstantiated, resulting in the dismissal of the claims both administratively and judicially. *See e.g. Henson v. Likin* Civil Action No. RWT-11-2719 (D. Md.); *Henson v. Miller*, Civil Action No. RWT-12-763 (D. Md.); *Henson v. Lambert*, Civil Action No. RWT-12-3271 (D. Md.); *See Henson v.Smith, et al.,* Civil Action No. RWT-13-2266 (D.Md.).

### Standard of Review

A.    Motion to Dismiss

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the  plaintiff's complaint.  *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th  Cir. 1999).   The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Id*. at 563.  The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

B.    Motion for Summary Judgment

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."   A dispute about a material fact is genuine "if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact.  No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

## Analysis

Defendants raise the affirmative defense of non-exhaustion and assert Plaintiff's claims have not been properly presented through the administrative remedy procedure and therefore must be dismissed pursuant to 42 U.S.C. §1997e.  ECF 19.  The Prisoner Litigation Reform Act provides, in pertinent part:

> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, Plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that Plaintiff is aggrieved by a single occurrence, as opposed to a general

conditions of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction

is made with respect to exhaustion requirement between suits alleging unconstitutional

conditions and suits alleging unconstitutional conduct). Exhaustion is also required even though

the relief sought is not attainable through resort to the administrative remedy procedure. *See

Booth v. Churner*, 532 U.S. 731, 741 (2001). A claim which has not been exhausted may not be

considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007).

Administrative remedies must, however, be available to the prisoner and this court is

"obligated to ensure that any defects in administrative exhaustion were not procured from the

action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th

Cir. 2007). The Fourth Circuit has addressed the meaning of "available" remedies:

> [A]n administrative remedy is not considered to have been available if a prisoner,
> through no fault of his own, was prevented from availing himself of it. *See
> Aquilar-Avellaveda v. Terrell*, 478 F. 3d 1223, 1225 (10th Cir. 2007); *Kaba v.
> Stepp*, 458 F. 3d 678, 684 (7th Cir. 2006). Conversely, a prisoner does not
> exhaust all available remedies simply by failing to follow the required steps so
> that remedies that once were available to him no longer are. *See Woodford v.
> Ngo*, 548 U.S. 81, 89 (2006). Rather, to be entitled to bring suit in federal court, a
> prisoner must have utilized all available remedies "in accordance with the
> applicable procedural rules," so that prison officials have been given an
> opportunity to address the claims administratively. *Id*. at 87. Having done that, a
> prisoner has exhausted his available remedies, even if prison employees do not
> respond. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

*Moore v. Bennette*, 517 F. 3d 717, 725 (4th Cir. 2008); *see also Blake v. Ross*, ___ F.3d ___,

2015 WL 2405241 (4th Cir. May 21, 2015).

Thus, Plaintiff's claims must be dismissed if Defendants raise the affirmative defense and

also prove that Plaintiff has failed to exhaust available remedies. *See Jones*, 549 U.S. at 216 – 17

(failure to exhaust is an affirmative defense and inmates are not required to demonstrate

exhaustion in their complaints). The PLRA's exhaustion requirement is designed so that

prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase v. Peay*, 286 F. Supp. 2d 523, 530 (D. Md. 2003); *Booth*, 532 U.S. at 735 (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F. 3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review). *See Moore*, 517 F. 3d at 725 (exhaustion means providing prison officials with the opportunity to respond to a complaint through proper use of administrative remedies).

The evidence demonstrates that Plaintiff filed Administrative Remedy Procedure ("ARP") WCI-0764-14, which was dismissed by the warden. Plaintiff appealed.  The ARP contained three claims: 1. Plaintiff raised long standing allegations with Defendant Gelsinger regarding a 9-year conspiracy to murder African American inmates for recreation but she ignored him; 2. on May 21, 2014, CO Alexander called him racist names and punched him; 3. CO Houldersheldt made a public announcement to inmates on B-Tier calling Plaintiff a racist name and stating Plaintiff was "scared to come off lock-up or go on the compound."  ECF 19, Ex. 1.  The ARP made no claim as to the security camera issue. *Id.*

During the investigation of Plaintiff's ARP he refused to be interviewed on three occasions. *Id.*, Ex. 1, p. 5.  On one occasion Plaintiff told the investigator to "leave me alone or I will write the same thing about you." *Id.*, p. 8.  The officers implicated in the ARP denied Plaintiff's allegations. *Id.*, pp. 6-8.  The ARP was ultimately dismissed for lack of evidence. *Id.*.,

p. 3.   Plaintiff did not file an appeal to Headquarters or file a grievance with the Inmate Grievance Office. *Id*., Ex. 1 & 2.   Accordingly, Plaintiff's claims are unexhausted and subject to dismissal.

Injunctive Relief

Lastly, Plaintiff is not entitled to any of the injunctive relief he requests. As a preliminary injunction temporarily affords an extraordinary remedy prior to trial than the relief that can be granted permanently after trial, the party seeking the preliminary injunction must demonstrate: (1) by a "clear showing" that he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.   *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7,  20-23 (2008); *Dewhurst v. Century Aluminum Co*., 649 F.3d 287, 292-93 (4th Cir. 2011).   Plaintiff's requests for injunctive relief shall be denied, as he does not clearly establish that he would suffer immediate and irreparable injury, loss, or damage, if the relief requested is not  provided.

Substantial deference is to be given to the judgment of prison administrators.   *See Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).   This deference is at its greatest when prison order is at stake.   *See In Re Long Term Administrative Segregation of Inmates Designated as Five Percenters,* 174 F.3d 464, 469 (2003).   Bradley Butler, Acting Chief of Security, avers that security cameras were installed as part of the construction of WCI in accordance with the best security practices at the time and WCI maintains the video surveillance system at the highest possible level. ECF No. 19, Ex. 3.   Plaintiff has failed to produce evidence that he is likely to suffer irreparable harm if this court does not order protective custody.   Moreover it  is not the

province of this Court to determine how a particular prison might be more beneficently operated: the expertise of prison officials must be given its due deference.  *See Sandin v. Conner*, 515 U.S. 472, 482 (1995).

Similarly, Plaintiff's request that the court order a federal investigation is unavailable. The court does not have the authority to direct prosecutors to prosecute a crime or to investigate possible criminal charges.  *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also U.S. v. Derrick*, 163 F. 3d 799, 825 (4th Cir. 1998).  Plaintiff is, therefore, not entitled to injunctive relief and his requests for same shall be denied.

<b>Conclusion</b>

For the aforementioned reasons, Defendants' Motion, construed as a motion for summary judgment, shall be granted.  A separate Order follows.

May 27, 2015                                    /s/_____
Date                                         RICHARD D. BENNETT
                                       UNITED STATES DISTRICT JUDGE